

Frank Burt
202-230-5227 Direct
Frank.Burt@dbr.com

*Law Offices*
1500 K Street, NW
Suite 1100
Washington, DC
20005-1209

202-842-8800
202-842-8465 fax
www.drinkerbiddle.com

CALIFORNIA
CONNECTICUT
DELAWARE
ILLINOIS
LONDON
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

March 15, 2019

*via ECF*
Hon. Nina Gershon
U.S. District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Izmirligil v. Select Portfolio Servicing, et. al.*,
             Case No. 2:17-cv-06157-NG-LB

Dear Judge Gershon:

    Plaintiff Arif Izmirligil has filed a Letter seeking consolidation of this case with another case that he brought against Select Portfolio Servicing, Inc. (SPS) in that other action. He seeks consolidation of two distinct actions primarily because he is concerned that transfer of this case to Your Honor will result in his case being moved out of the Central Islip division. *See* March 9, 2019 Letter ("Letter") at 1 (expressing concern that he resides in Suffolk County, "and the original venue of [] both cases [is] in Suffolk County"). Not only is such concern unfounded, consolidation of the cases would not result in any judicial economy or efficiency; to the contrary, it would result in prejudice to defendants American Security Insurance Company and Assurant, Inc. (the "Assurant Defendants"), who are parties to and involved in the conduct alleged only in the first action, but not parties to and wholly unrelated to the conduct alleged in the second action.

    As the Assurant Defendants are not parties to the other case, they are opposing the consolidation through a letter to you, copying Judge Bianco.

## BACKGROUND

    The Assurant Defendants issued a number of lender-placed insurance (LPI) policies on Izmirligil's property pursuant to an agreement with Select Portfolio Servicing, Inc. ("SPS") that they would do so if it appeared, based on SPS's records, that the insurance coverage procured by the homeowner was either insufficient or nonexistent. The Assurant Defendants had no other interaction with Izmirligil or his property. SPS and its related entities, conversely, have been embroiled in litigation with Izmirligil since at least 2009 regarding their attempted foreclosure on his property, and the propriety of, *inter alia*, various debt collection practices and fees and charges assessed to his account – all of which is unrelated to the conduct of the Assurant Defendants.

    Izmirligil filed a complaint in 2017 against both SPS and the Assurant Defendants, seeking redress for Defendants' alleged "misconduct and wrongdoing in procuring and issuing a forced place insurance policy on [plaintiff's] residence." Case No. 2:17-cv-06157-NG-LB (the "2017 Complaint") Dkt. 1 ¶ 1. The crux of the complaint is that SPS procured insurance from the Assurant Defendants on Izmirligil's home even though he had a valid insurance policy in place, and all of his various claims are predicated on that conduct. *Id*. ¶¶ 99 ("SPS breached and acted without any authority under Izmirligil's mortgage loan contract by charging Izmirligil for a redundant and unnecessary hazard insurance policy"); 128 (SPS "breached its duty of good faith and fair [dealing] by . . . forcing Izmirligil to pay for [a] hazard insurance policy"); 145 ("SPS breached its fiduciary duty to Izmirligil, by among other things: (a) unilaterally using escrow funds to purchase force-placed insurance"); 214 ("Defendants formed the previously alleged association-in-fact Enterprise, within the meaning of 18 U.S.C. § 1964(4), for the common purpose of fraudulently creating LPI policies and fraudulently inflating the stated premiums on force-placed insurance"). Izmirligil has not sought to amend the 2017 complaint, and there are no claims

*Established* 1849

Judge Gershon
March 15, 2019
Page 2

in the 2017 complaint for violations of the Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. § 1024 *et seq.* ("Regulation X"), or the Fair Debt Collection Procedures Act (FDCPA).[1]

In contrast, the action that Izmirligil filed against SPS in 2018 alleges only violations of RESPA, Regulation X, and the FDCPA for "actionable conduct after commencement of the . . . earlier litigation" as well as some "facts that occurred both before and after the earlier action commenced." Complaint (Dkt. 1) ("2018 Complaint") ¶ 1. The crux of the 2018 Complaint is that SPS acted inappropriately after the filing of the initial complaint by improperly attempting to "collect a disputed debt." *Id.*; *see also id.* Ex. 8 (Dkt. 1-8) (March 5, 2018 letter); *id.* Ex. 11 (Dkt. 1-11) (March 25, 2018 letter); *id.* Ex. 13 (Dkt. 1-13) (June 1, 2018 letter); *id.* Ex. 16 (Dkt. 1-16) (July 30, 2018 letter). Izmirligil complains that he was not provided with certain information, such as the loan amount and payment records, most of which occurred after the filing of the 2017 lawsuit and is unconnected to the Assurant Defendants. *See id.* ¶¶ 71-74 (summary of alleged RESPA violations), 19 (relating to "unapplied and/or misapplied payments"), 23, 26 ("escrow accounting and payment history records"), 28, 30 ("additional violations" relating to "false servicing records, escrow accounting and payment history records"). He also alleges that SPS attempted to collect a debt through the use of allegedly incorrect and improper letters. *Id.* ¶¶ 44, 51-56; *see id.* Ex. 20 (Dkt. 1-20) ("mortgage statement" from SPS to plaintiff). Finally, he criticizes SPS's inclusion of a variety of fees in his payoff amount, and its direct contact with him while represented by an attorney. *Id.* ¶¶ 56-64, 66.

It was not until March 9, 2019, the day after in the 2018 case was transferred to Judge Gershon, that Izmirligil sought to consolidate the two actions, prompted by his concern that his case would move from Central Islip to Brooklyn. *See* Letter at 1.[2]

**ARGUMENT**

The two cases should not be consolidated because they do not share common factual and legal issues, and because consolation would result in prejudice to the Assurant Defendants.

Izmirligil, as the party seeking consolidation, bears the burden "to demonstrate that the actions in question share common issues of law or fact." *Webb v. Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000). In the Letter, Izmirligil identifies only one common issue: that the allegations stem from "the same disputed loan." Letter at 2.[3] But that alleged commonality is spurious. The 2017 action concerns the placement of LPI on Izmirligil's property, and the 2018 action – of which the Assurant defendants are not parties – centers around SPS's actions in disputing and collecting the mortgage loan. While the insurance was authorized by the mortgage loan, its placement and later cancellation (all premium being refunded) bear no relationship to the various debt-collection practices that form the heart of the 2018 action. As in *Johnson v. Kerney*, 1993 WL 547466, at *6 (E.D.N.Y. Dec. 22, 1993), which involved two lawsuits dealing with prison events that occurred on the same day, "[t]here is undoubtedly some overlap between these two suits . . . However, the efficiency gained by combining these cases would not be substantial since there are only two actions, each of which has different defendants named and concerns different aspects of that event. . . . The potential confusion and prejudice . . . that consolidation would create weigh in favor of keeping these actions separate." Because the cases are so dissimilar, there is nothing to be gained by consolidating them: "consolidation is unlikely to effect any appreciable saving of time or expense." *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977).

---

[1] The parties are currently engaging in jurisdictional discovery, following an order on the defendants' motions to dismiss.

[2] The letter requesting consolidation was filed in the 2018 action, despite the command of the Local Civil Rules that all requests to consolidate "shall be noticed for hearing before the judge having the lowest docket number, with courtesy copies to be provided to the judge or judges having the cases with higher docket numbers." L.Civ.R. 13(c)(1).

[3] Izmirligil intimates that issue preclusion or collateral estoppel would be a common issue in both cases, Letter at 3, but as the *Almanzar* case referenced involved allegations regarding the propriety of placing LPI policies, that case is likely to be irrelevant to the 2018 action.

Judge Gershon
March 15, 2019
Page 3

To the contrary, consolidation would only be detrimental. Combining these dissimilar actions would prejudice the Assurant Defendants and would confuse the jury if the consolidated case eventually went to trial. *Id.* (quoting *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492 (11th Cir. 1985)) (the Court must consider "the specific risks of prejudice and possible confusion" in deciding whether to transfer). "[C]onsolidation should not be ordered if it would prejudice defendant, for considerations of convenience and economy must yield to the interests of justice in a fair and impartial trial." *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977). The allegations in the 2017 action are aimed at whether Izmirligil provided evidence of insurance coverage, and discovery and the ultimate trial will be limited to the relatively limited issue of whether the Assurant Defendants and SPS inappropriately placed and charged Izmirligil for LPI. The 2018 case, however, contains a hodgepodge of complaints about SPS's debt-collection activities, including the letters that it has sent, the amount it alleges is in arrears, and even the manner of contacting Izmirligil. If that case, in which the Assurant Defendants are not currently a party, is combined with the 2017 case, the Assurant Defendants will be forced to endure discovery that is unrelated to its activities, irrelevant motion practice, and an ultimate trial in which it will be exposed to the "risk of liability by loose institutional association for the unconnected wrongdoing of others." *Webb v. Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000); *see also Garber v. Randell*, 477 F.2d 711, 717 (2d Cir. 1973) ("To permit such limited claims against [one defendant] to be joined with numerous unrelated claims . . . in one 'mixed bag' type of consolidated complaint would be fundamentally unfair."). Nor does Izmirligil contradict this – his Letter promises that he will seek the same discovery and file the same motions against SPS, but is noticeably silent as to the Assurant Defendants. *See* Letter at 3.

## CONCLUSION

Because consolidation will not result in judicial economy, efficiency, or fairness, and will only result in prejudice to the Assurant Defendants, the Assurant Defendants respectfully request that the Court deny Izmirligil's request to consolidate the two cases.

Respectfully submitted,
DRINKER BIDDLE & REATH LLP

By: _____
Frank Burt (pro hac vice)
Frank.burt@dbr.com
Brian Perryman (pro hac vice)
Brian.perryman@dbr.com
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
(202) 842-8800

Kate L. Villanueva
Kate.Villanueva@dbr.com
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:  215-988-2700
Facsimile:  215-988-2757

*Attorneys for Defendant*

cc:  Hon. Joseph F. Bianco