

ARIF S. IZMIRLIGIL, D.D.S.
4665 Nesconset Hwy.
Port Jefferson Station, NY 11776

Telephone: (631) 642-1600
Fax: (631) 642-9281

Hon. Joseph F. Bianco  
U.S. District Court Judge  
U.S. District Court, E.D.N.Y  
100 Federal Plaza  
Central Islip, New York 11722  

Mach 9, 2019

**VIA OVERNIGHT MAIL/PRO SE OFFICE**

**RE: Dr Izmirligil v. SPS Inc., Case No: 18-cv-7043(JFB)(AYS)**

Dear Judge Bianco:

I am the Plaintiff acting "Pro se" in the above-referenced action, ("The 2018 action"), and also the Plaintiff "currently" represented with Dahiya Law Offices, LLC. in my other case bearing the Case No:17-cv-6157, Dr Izmirligil v. SPS,Inc, ASIC and Assurant (JFB)(AYS) ("The 2017 action"), and further 2018 action was directly assigned to your Honor as per my request pursuant to Local Rule 50.3.1(e)(2) that two cases (" the 2017 action" and "the 2018 action") are already treated as "related" as per the **"NOTICE OF RELATED CASE"** in the 2018 case **(DOC#4).**

Yesterday, on March 8, 2019, I was informed by my attorney Dahiya that my "2017 action" against the same defendants SPS,Inc was referred to another District Judge, Hon. Nina Gershon in Brooklyn, E.D.N.Y where I am residing in Suffolk County, and the original venue of the both cases are in Suffolk County, and further, my both cases are "related" and I am still acting Pro se in my 2018 action in that judicial economy would be served by transferring my 2017 case **"back"** to your Honor in the U.S. District Court, in Islip where your Honor is "still" presiding Judge over my 2018 action, until your Honor's new assignment be finalized to the Court of Appeals for Second Circuit.

Accordingly, my letter application can be considered by your Honor in seeking the Court's preference to Rule 42 consolidation of both matters where I am "still" acting **"Pro se"** in my 2018 case, and that also mandates the **"consolidation"** of my two cases in the U.S. District Court E.D.N.Y which is located in Islip, Suffolk County, in front of your Honor. who was the presiding Judge over the "first" action which is "the 2017 case".

Fed.R.Civ.P. 42(a) governs the consolidation of actions. Under the Rule, "[I]f actions before the Court involve a common question of Law or fact, the Court may:(1) join for hearing or trial any or all matters at issue in the actions; (b) consolidate the action; or, (c) issue any other orders to avoid unnecessary cost or delay.(see Johnson v. Celotex Corp,899F.2d 1281,1284(2d Cir.1990), cert.denied, 498 U.S 920, 111 S.Ct.297, 112 L. Ed. 2d 250(1990)) " The trial Court has broad discretion to determine whether consolidation is appropriate, and the Second Circuit suggests that Rule 42(a) "be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion" ( see Wallace v. New York, 2013 WL 1452018,1 (E.D.N.Y, Apr.2, 2013)( finding consolidation appropriate in cases challenging residency restrictions on constitutional grounds); Kellen Co v. Calphalon Corp, 54 F. Supp.2d 218, 221(S.D.N.Y

1

1999), accord Adam v. Jacobs, 950 F.2d 89,92(2d Cir.1991); First City Nat'l Bank & Trust Co v. Simmons, 878 F 2d 76,79,(2d Cir 1989). The first – filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank Trust Co 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

As your Honor is aware, all of my claims, among others, including RICO, RICO conspiracy, Breach of contract, Breach of the covenant of good faith and fair dealing, Breach of fiduciary duty, etc. against Defendant SPS. Inc and against the Insurance Defendants ASIC and Assurant, are survived as per your Honor's Sept 7, 2018 order, and further directed Discovery and Deposition proceedings which the attorney(s) of the Defendant SPS are still persistently denying to cooperate in violation of your Honor's order in the 2017 action, and further, in my 2018 action which is against "only" the Defendant SPS, Inc pursuant to RESPA and FDCPA where the attorney Flickinger of the Defendant SPS has already candidly admitted its RESPA and FDCPA violation in his letter dated April 23,2018 sent to your Honor's Chambers and filed by the Court as **DOC#25** the 2017 action, and **DOC#10** in the 2018 action based on the decision of Court of Appeals for Second Circuit in Carlin v Davidson Fink, LLP, 852 F.3d 207 (2d Cir. 2017) and based on the decisions of other District Courts in Tobing v. Parker MacCay, P.A, 29018 U.S Dist LEXIS 71639, at 38 (D.N.J 2018)( FDCPA claims based on representations in monthly mortgage statement upheld against loan servicer), and in Manrique v. Wells Fargo Bank NA, 116 F.Supp.2d 1320(S.D.Fla.2015)( FDCPA claim premised on defendants' unlawful debt collection conduct, which included false representations in mortgage statement, upheld; "The Court need not decide the issue of whether claims under FDCPA and FCCPA can lie solely based on defendants payoff statement itself as a TILA – required response"), and/or in Prindle v. Carrington Mortg. Servs, LLC 2016 U.S Dist. LEXIS 112881( M.D.Fla. Aug 24,2016)( certifying class action for violation of the FDCPA on behalf of consumers who received a false mortgage statement).

As your Honor determined the consolidation of two cases was proper in Wallace v. State of New York, Case No:12-cv-5866(JFB)(WDW) and in Marvia v. County of Suffolk, Case No:13-cv-0154(JFB)(WDW), by finding that " The fact that there are some different parties in the two actions does not mean that the cases should not be consolidated. See Werner, 797 F. Supp. at 1211;" More specifically, where as here, I was opted-out class member in the class- action styled Almanzar, et al v SPS, Inc, ASIC, Assurant, et al. Case No;14-cv-22586 the exact same RESPA, FDCPA, RICO, RICO conspiracy, Breach of conduct, Breach of fiduciary duty, Breach of the Covenant of Good faith and fair dealing violations, etc of the exact same defendants SPS( and other Insurance defendants) that the class action was settled for $40.6 million in monetary relief to a 166.006 member settlement class, and $4.15 million in attorney's fees and expenses. Likewise, there are numerous common issues of Law and fact between my 2017 case and my 2018 case in the same circumstances stemming from the same disputed loan (e.g. forgery during origination of the loan; the Residential Mortgage Backed Securities( RMBS) (fraud, the servicing fraud; the foreclosure fraud and LPI fraud, etc) ( see Johnson, 899 F.2d at 1284; Devlin, 175 3d at 130), where the spirit of both statue, Rule 42(a) of FRCP and Local Rule 50.3.1(e)(2), and the goals of the judicial efficiency and economy with respect to the Discovery and Deposition of both identical cases are perfectly met without the sacrifice of the administration of justice ( see Campo v. National Creditors Connection, Inc 29014 WL 6674607 at 2(E.D.N.Y Nov. 25, 2014) ( granting consolidation in an FDCPA case); Nat'l Assn of Mortg Brokers v Bd. Of Governers of the Fed Reserve Sys, 770 F. Supp. 2d 283, 286 ( D.D.C.2011)( noting that consolidation is appropriate when claims arise from the " same series of events or facts"); Endress v. Gentivcz Health Servs, 278 F.R.D 78, 82 (E.D.N.Y. 2011) ( finding consolidation to be appropriate when all the cases involved identical parties and identical questions of fact)). Further, " consolidation is appropriate in order to serve the interests of the Judicial economy." Wallece, 2013 WL 1452018 at 1; Levin, 2013 WL 386597, at 9; Jacobs, 612 F. Supp. 2d at 373 ( " Consolidation would further the goal of " Judicial economy",

2

because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and same identical issues of Law".

No doubt, I will likely seek **" identical discovery"** from the Defendant SPS, Inc and rely on the same witnesses and Deponant(s) in my both 2017 and 2018 actions against very same defendant SPS, because each of my case arises from common alleged facts involves many of the exact claims that occurred after I filed my first 2017 Lawsuit against very same Defendants SPS, making consolidation is absolutely appropriate. ( See Hanson, 257 F.R.D, at 21) ( noting that " consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses, and arise from the same series of events or facts"), and such is the situation, here. Eliminating unnecessary and needless discovery will save the parties' resources and cut down on the amount of time required to litigate each case, which in return will allow the two cases to be resolved much sooner than if two are required to proceed separately, where, as here, the consolidation of my 2017 action and 2018 action fits perfectly.

Furthermore, any claim of prejudice related to my substantive rights would be false, because, "[c]onsolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another". ( see Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 130 ( S.D.N.Y. 1997) ( " consolidation will do nothing more than require the cases to be managed for discovery and motion purposes by one Judge under a master plan"); Dis. Bank & Trust Co, v. Salomon Inc, 141 F.R.D. 42, 44 (S.D.N.Y. 1992)). Hence the Defendants SPS, ASIC and Assurant will not be prejudiced by the consolidation of my 2017 and 2018 action, since my both cases are related as noticed by a " Notice of Related Cases" (**Doc #4** in 2018 case) under Rule 50.3.1(e)(2), and accordingly my both cases were assigned to your Honor, previously, and my 2018 case is still in front of your Honor. Nevertheless, none of the Defendants can possibly be raising " any defense" in my 2017 action and/or in my 2018 action based on " the doctrine of collateral estoppel". In specific, **" The Modified Stipulated Final Judgment and Order and Injunctive Relief"** was already entered against SPS, Inc in the U.S. District Court for District of Massachusetts in a matter bearing Case No: 03-cv-12219(DPW), based on the exact same violations of Defendant SPS, Inc ( see Koch v. Con Edison Co. of NY Inc, 62 NY 2d 548, 468 N.E. 2d1,6,[1994] ( " [E]fficient utilization of judicial system is survived by the preclusion of relitigation of issues as to which a litigant has had full fair opportunity for resolution, irrespective of identity of his particular opponent")); Where as here, SPS is precluded to raise any defense in both my actions.

Additionally, exact same defendants SPS, ASIC, and Assurant had settled the multiple class actions with multiple settlements among others, in Almanzar, et al v SPS Inc, ASIC, Assurant, et al based on the exact same violations of RICO, RICO conspiracy, RESPA and FDCPA, etc, as I mentioned above, where I was opted out class member( see Greenberg v. Bd of Governors of Fed. Reserve Sys, 969 F.2d 164, 168 (2d Cir. 1992) ( " Settlements may also have preclusion effect"); May v. Parker-Abbott Transfer and Storage, Inc., 899 F.2d 1007, 1010 -11 ( 10th Cir. 1990) ( " The preclusive effect of a settlement is measured by the intent of the parties to the settlement"), where the Defendants are precluded to raise any defense with respect to the same exact "issues" based on the **"Issue Preclusion"** or the **" Doctrine of Collateral Estoppel"** in my 2017 and 2018 actions.

Finally, my attorney Mr Dahiya ( who is the attorney on the record in my 2017 action) is directed to file his application pursuant to Rule 42(a) of FRCP and under Rule 50.3.1 by the US District Court, E.D.N.Y in Brooklyn, respectfully informing Honorable Nina Gershon, U.S.D.J, and requesting the same consolidation of the 2017 and 2018 cases by transferring my 2017 case back to your Honor, and that the interests of the judicial economy will be served better, unquestionably, with the consolidation of 17-cv-6157 and 18-cv-7043 cases.

3

Therefore, I respectfully request that my two cases be consolidated as "related case" before your Honor, and thank you for your Honor's consideration in this matter.

CC:

.Hon. Nina Gershon
.Karamvir Dahiya, Esq.
.Kenneth J. Flickinger, Esq.
.Brian P. Perryman, Esq.
.Katherine L. Villanuava Esq.
.Frank G. Burt, Esq.
(Via e-mail)

Respectfully Submitted,

Dr Arif S Izmirligil, Plaintiff/Prose
15 Sailors Court
Miller Place, NY. 11764
(T) 631-928-7660
(F) 631-642-9281
(E) yesizm@aol.com