

ARIF S. IZMIRLIGIL, D.D.S.
4665 Nesconset Hwy.
Port Jefferson Station, NY 11776

Telephone: (631) 642-1600
Fax: (631) 642-9281

Honorable Pamela K. Chen
United States District Judge
Eastern District New York
225 Cadman Plaza East
Brooklyn, New York 11201

January 29, 2020

VIA ECF – PRO SE OFFICE

RE: Dr Izmirligil v. SPS, Inc, et al, Case No:17-cv-6157 (PKC)(LB)

Dear Judge Chen:

I am the Plaintiff, Dr Arif S. Izmirligil("Plaintiff", "Izmirligil") acting pro se in the above – referenced action and it is my obligation to respectfully inform your Honor that " Although the Supreme Court has never ruled on the issue, Lower Courts have uniformly held that a private right of action does not exist under the mail fraud and wire fraud statutes" ( see William K.S. Wang &Marc I. Steinberg, Insider Trading( Oxford U. Press, 3d ed.2010)); Accordingly, my "Twelfth Cause of Action under mail and wire fraud" ( against Defendants Trumbull, Davis, Weinberger and Wiliams) in my "Proposed First Amended Complaint"("PFAC") is withdrawn by me for the sake of judicial economy ( see Wisdom v. First Midwest Bank, 167 F.3d 402 (8th Cir. 1999)( analyzing implied right of civil action under criminal statutes; mail fraud, wire fraud and extortion claims...)). However, my identical assertions for which mail and wire fraud may serve as an element of my RICO/RICO Conspiracy claims( against all Defendants); my FDCPA, RESPA and TILA claims (against Defendant SPS, Inc) and my NYJL§ 487 claim( against Defendant attorney Trumbull); and/or, incorporating element of my NY State Law claims ( against same Defendants) will remain, as unchanged.

It is also my obligation to respectfully inform your Honor that attorney Flickinger for Defendant SPS – once again – has engaged in persistent and intentional deceptive conduct in his recent filing dated December 13,2019 (DE 73 at page ID#1430 – 31), by omitting the mandatory language of AO/208/13 ( see EXHIBIT – A)at the middle of the Administrative Order – in attempting to cover up the other attorney Trumbull's violation of NYJL§ 487 who has also omitted the mandatory language of AO/431/11 at the end of its second paragraph and filed his falsified purported compliance of the AO/431/11 by the State Court on February 2,2017 to fool the State Judge Brandveen (DE 74,at page ID#1452 -53), directed that "Plaintiff's counsel may either (1) comply with AO/431/11, or (2) file with the Court at the time of filing of the Request for Judicial Intervention a certificate of merit where contents are described in section 3012-b(a) of the CPLR.". Mr Flickinger knew or should have known that Request for Judicial Intervention ("RJI") has already been filed by my attorney on January 26,2010 with the State Court, as reflected on the NY State e-court record in which your Honor may take judicial notice, and further, a copy of RJI, a copy of the Clerk's office record and a copy of AO/208/13 are annexed to this letter as EXHIBIT – A,B,C and D for your Honor's review and determination, by strongly suggesting that attorney Flickinger has been persistently engaging with intentional deceptive conduct under oath, pursuant to CPLR § 2106 and pursuant to 28 U.S.C.§ 1746, in front of this Honorable Court, where Mr Flickinger has reduced the mandatory language of AO/208/13 at the

middle of its paragraph -2, as "underlined" above, stating that... <u>with the Court at the time of the filing of the Request for Judicial Intervention</u>... by persistently and intentionally misguiding your Honor to cover up the other attorney Trumbull's identical violation of NYJL§ 487 and also rendered a violation of NYCRR§ 130- 1 ( see <u>Bayview Loan Servicing, LLC v. Bozymowski</u>, 2011 NYSlip Op. 50240(U) ( Sup. Ct. Suffolk Co. 2011, Mayer, J.) ( finding that neither the proofs submitted in support of the order of reference, nor the mandatory attorney affirmation are sufficient to grant an order of reference where the Plaintiff's attorney omitted and changed the "mandatory language" and the "format" of the Administrative Order that compelled the Court to order a hearing in accordance with 22 NYCRR§130 – 1 to determine if the conduct undertaken by the Plaintiff and its counsel was "frivolous" as defined in 22 NYCRR § 130 – 1.1(c) and what, if any, sanction should be imposed.)), and /or rendered a violation of Rule 11 of Fed. R. Civ. P. that also compels your Honor to address or to direct me further move against Mr Flickinger pursuant to Rule 11 of Fed.R.Civ.P.

Finally, the attorney Flickinger's persistent "play fast and lose" gaming of both the District Court and State Court concerning the attorney(s) intentional deceptive conducts, also clearly demonstrated – and, likewise conceded by the attorney Flickinger – that neither can the counselors for the Defendant SPS nor can the affiants of Defendant SPS comply with AO/431/11 based on the two(2) consecutive orders of Second Department dated November 30,2016 commanding that "the Bank of NY Mellon and its attorney(s) <u>shall</u> comply with AO/431/11 – NOT with CPLR § 3012-b(a), ( see <u>Bank of NY Mellon v. Izmirligil</u>, 144 AD 3d 1063, 1066 (2d Dept 2016)), where the Defendant SPS failed to demonstrate the merit of the 2009 action pursuant to Affidavit of Merit requirements under AO/431/11, and recently on September 19,2019, during Appellate Argument of my 2015 action where the Panel Judges of the Second Department among others, Hon. Shneikman and Hon. Rivera have strongly suggested by questioning the attorneys of the Defendants Baum, Pillar, JP. Morgan Chase Bank, NA, and <u>the BONYM's attorney Flickinger</u> with respect to the non – existence of default judgment or collateral estoppel defense in the 2009 action, that... " Stop flying with the magic carpet... there are arguments that have been represented in the causes of action in the 2015 action in violation of JL§ 487, there are specific some what predicated on guilt by reputation, guilt by history, once a crook, always a crook, therefore you are a crook in this case also... and, you will be facing with the consequences..." (Appellate Argument, 09/19/2019), that your Honor may also take a judicial notice (see <u>Samuels v. Air Transport Local 504</u> , 992 F.2d 12.15(2d Cir. 1993)).

I thank the Court for its attention to this matter.

**Enc:**
Exhibits -A,B,C, and D

**CC:**
Kenneth J. Flickinger, Esq.
Frank G. Burt, Esq.
(Via Regular Mail)

Respectfully Submitted,

*[signature]*

Dr. Arif S. Izmirligil
Plaintiff – Pro se
(P)(631) 928-7660
(E) yesizm@aol.com

## ADMINISTRATIVE ORDER OF THE
## CHIEF ADMINISTRATIVE JUDGE OF THE COURTS

Pursuant to the authority vested in me, and notwithstanding any provision in AO/431/11 to the contrary, I hereby order that, effective immediately,

- the provisions of AO/431/11 shall not apply to residential mortgage foreclosure actions commenced on or after August 30, 2013; and

- in residential mortgage foreclosure actions commenced prior to August 30, 2013, where no affirmation has been filed pursuant to AO/431/11, plaintiff's counsel may either (1) comply with AO/431/11, or (2) file ==with the court at the time of the filing of the Request for Judicial Intervention== [omitted language] a certificate of merit whose contents are described in section 3012-b(a) of the Civil Practice Law and Rules.

*[signature]*
Chief Administrative Judge of the Courts

Dated: August 1, 2013

AO/208/13


EXHIBIT A

# New York State Unified Court System



## WebCivil Supreme - Case Detail

Add to eTrack

| | |
|---|---|
| Court: | Suffolk Supreme Court |
| Index Number: | 0047361/2009 |
| Case Name: | BANK OF NEW YORK vs. IZMIRLIGIL, ARIF, |
| Case Type: | RES FORECLOSURE FSC ELIGIBLE |
| Track: | Standard |
| RJI Filed: | 01/26/2010 |
| Date NOI Due: | |
| NOI Filed: | |
| Disposition Date: | |
| Calendar Number: | |
| Jury Status: | |
| Justice Name: | ANTONIO J. BRANDVEEN |

**Attorney/Firm For Plaintiff:**

ECKERT SEAMANS CHERIN & MELLOT    Attorney Type: **Retained**    Atty. Status: **Active**
10 BANK STREET, STE 700
WHITE PLAINS, NY 10601
914-949-2909

**Attorney/Firm For Defendant:**

ARIF IZMIRLIGIL - Prose    Attorney Type: **Unrepresented**    Atty. Status: **Active**

DAVID L. SINGER, P.C.    Attorney Type: **Retained**    Atty. Status: **Active**
150 BROADHOLLOW ROAD, STE 122
MELVILLE, NY 11747
631-923-2399

Close | Show Appearances | Show Motions | Show Decisions

EXHIBIT B

| # | Date | Description | Notes |
|---|------|-------------|-------|
| 1 | 11/30/2009 | LIS PENDENS | BROOKHAVEN |
| 2 | 11/30/2009 | SUMMONS & COMPLAINT | VER |
| 3 | 11/30/2009 | EXHIBITS | |
| 4 | 11/30/2009 | SECTION 1303 NOTICE OF FCL | |
| 5 | 12/7/2009 | AFFIDAVIT OF SERVICE | 12-03-09 |
| 6 | 12/7/2009 | AFFIDAVIT OF SERVICE | 12-03-09 |
| 7 | 12/7/2009 | AFFIDAVIT OF SERVICE | 12-04-09 |
| 8 | 12/7/2009 | AFFIDAVIT OF SERVICE | 12-02-09 |
| 9 | 12/7/2009 | AFFIDAVIT OF SERVICE | 12-02-09 |
| 10 | 12/8/2009 | AFFIDAVIT OF SERVICE | 12-04-09 |
| 11 | 1/22/2010 | DEMAND | |
| 12 | 1/22/2010 | AFFIDAVIT OF SERVICE | 1-8-10 |
| 13 | 1/22/2010 | ANSWER | VER |
| 14 | 1/22/2010 | AFFIDAVIT OF SERVICE | 1-8-10 |
| 15 | 2/25/2010 | NOTICE OF APPEARANCE | COPY |
| 16 | 2/25/2010 | R.J.I. | PD |
| 17 | 7/20/2010 | SHORT FORM ORDER W/MARKED PLDGS | |
| 18 | 9/24/2010 | SHORT FORM ORDER W/MARKED PLDGS | |
| 19 | 10/14/2010 | C/S.F.O. W/NOTICE OF ENTRY | |
| 20 | 10/14/2010 | AFFIDAVIT OF SERVICE | 10-13-10 |
| 21 | 10/14/2010 | C/S.F.O. W/NOTICE OF ENTRY | |
| 22 | 10/14/2010 | AFFIDAVIT OF SERVICE | 10-13-10 |
| 23 | 10/21/2010 | RADI - NOTICE OF APPEAL | |
| 24 | 10/21/2010 | SHORT FORM ORDER | COPY |
| 25 | 10/21/2010 | EXHIBIT | |
| 26 | 10/21/2010 | AFFIDAVIT OF SERVICE | 10-20-10 |
| 27 | 11/7/2011 | RECORD ON APPEAL | |

Close

EXHIBIT C

# REQUEST FOR JUDICIAL INTERVENTION
## Settlement Conference in
## Residential Mortgage Foreclosure Actions

_Supreme_ Court, _Suffolk_ County
Index No. _47361/09_  Date Index No. Issued _11/30/09_

For Clerk Only

IAS entry date

Judge Assigned

RJI Date

**PLAINTIFF(S):**
The Bank of New York Mellon FKA The Bank of New York, as Trustee for Chase Mortgage Finance Trust Series 2006-S2

**DEFENDANT(S):**
Arif Izmirligil, Board of Managers for Sailor's Haven Homeowners Association Corp., Mortgage Electronic Registration Systems, Inc. as Nominee for E-Loan Center, Inc., Mortgage Electronic Registration Systems, Inc. As Nominee for PNC Mortgage Corp. of America

This form requests the scheduling of the settlement conference required by Rule 3408 of the Civil Practice Law and Rules in a mortgage foreclosure action involving all of the following:
- residential mortgage entered into between January 1, 2003, and September 1, 2008
- one to four-family owner-occupied dwelling
- subprime, high-cost or nontraditional loan as defined in section 6-l of the Banking Law and section 1304.5(c) and (e) of the Real Property Actions and Proceedings Law

Provide the following information

Property Address:
15 Sailors Court
Miller Place, NY 11764

Defendant(s) [name, address, telephone number, e-mail address]:
Arif Izmirligil
15 Sailors Court, Miller Place, NY 11764
Phone: 631-928-7660

Attorney for Plaintiff(s) [name, address, telephone number, e-mail address]:
(if self-represented, provide the information for yourself)
Steven J. Baum, P.C., 220 Northpointe Parkway, Suite G, Amherst, NY 14228
Phone: 716-204-2400

Attorney for Defendant(s) (if known) [name, address, telephone number, e-mail address]:
Ronald D. Weiss, P.C., 734 Walt Whitman Road, Suite 203, Melville, NY 11747
Phone: 631-271-3737
Email: weiss@ny-bankruptcy.com

Related cases [title, index no. court, judge (if assigned), relationship to instant case]:

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION.

Dated: January 8, 2010

_____
SIGNATURE

Ronald D. Weiss, Esq.
PRINT OR TYPE NAME
Address and telephone number (if different from above):

EXHIBIT D